**Fleigle Estate**

*Donald T. Puckett,* for estate.

*L.C. Heim,* for Linda J. Zeigler.

*William B. Anstine Jr.* and *John R. Elliott,* for Lorraine A. Horner.

*Byron H. Lecates,* for Drovers and Mechanics Bank.

MILLER, *J.,* December 23, 1993—This matter is before the court on objections filed by The Drovers and Mechanics Bank, guardian of Wanda L. Fleigle, a minor, to the first and final account of Charles F. Fleigle Jr., executor of the estate of William P. Fleigle, deceased. Specifically, we are asked to determine whether a handwritten note dated April 15, 1990, and signed by decedent is a valid codicil to decedent's prior

will dated March 5, 1975, and whether decedent's daughter Wanda L. Fleigle is entitled to her intestate share of decedent's estate as a pretermitted child under section 2507(4) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §101 et seq.

We note that this opinion is incorporated into our earlier opinion and order dated March 2, 1993, in which we decided various other issues raised in objections to the executor's first and final account. At hearings on March 26 and 27, 1991, testimony was taken on those issues; however, no testimonal evidence was offered on the testamentary nature of the April 15, 1990, handwritten note or on the minor's claim to the entire estate. On September 25, 1993, the parties entered into a stipulation of fact and requested that this court adjudicate the outstanding issues without an evidentiary hearing.

Accordingly, the parties are bound by the following facts:

(1) Decedent, William P. Fleigle, died on May 4, 1990, a resident of York County, Pennsylvania.

(2) Decedent was survived by his daughter, Wanda L. Fleigle, who was born on February 18, 1985, to decedent and Lorraine A. Horner; his father, Charles F. Fleigle; and his brother, Charles F. Fleigle Jr.

(3) Decedent was also survived by a paramour, Linda J. Zeigler.

(4) Decedent and Lorraine A. Horner were never married.

(5) Decedent admitted paternity of Wanda L. Fleigle.

(6) Decedent's father, Charles F. Fleigle, died on July 23, 1990.

(7) At the time of his death, decedent was the owner of a business known as "Bill's Cycle Shop and Car

Lot," and of real estate located at 509 East Main Street, Dallastown, York Co., PA 17313, and 520 East Main Street, Dallastown, York Co., PA 17313.

(8) Decedent's last will and testament, dated March 5, 1975, was offered for probate on May 9, 1990.

(9) On May 16, 1990, a handwritten note signed by decedent and dated April 15, 1990, was offered for probate as a codicil to decedent's will.

(10) On March 27, 1991, Linda J. Zeigler testified that on the day that decedent died, she found two checks, one in the amount of $2,500 and one in the amount of $1,500; a car title (MV-27) to a 1987 Toyota automobile; decedent's last will and testament; and the handwritten note dated April 15, 1990, on a kitchen counter in their residence at 509 East Main Street, Dallastown, York Co., PA.[1]

## DISCUSSION

We first consider whether the note dated April 15, 1990, handwritten and signed by decedent, is a valid codicil to his last will and testament dated March 5, 1975. For the reasons that follow, we conclude that it is not a valid codicil.

The testamentary character of a writing is a question of law for the court. *Thompson Will,* 375 Pa. 193, 100 A.2d 69 (1953). In order to establish that a writing constitutes a valid will or codicil, testamentary intent must be proved, *i.e,* the writing must be dispositive in character, and the disposition must be intended to take effect after the testator's death. *In re Estate of Ritchie,* 480 Pa. 57, 64, 389 A.2d 83, 87 (1978). With or without the aid of extrinsic evidence, the court must

---

1. We have accepted the circumstances recited in the parties' stipulation of fact no. 10 as fact, and we so hold.

be able to conclude that the testator intended that the writing should take effect *only* after death. *In re Estate of Sedmak,* 467 Pa. 379, 357 A.2d 142 (1976). Extrinsic evidence is permitted only where testamentary intent is doubtful or equivocal.

In the instant case, the writing in question reads as follows:

"April 15, 1990.

"I, William Fleigle. In case of accident or death. 509 East Main St. would be leased at a fare price to K&H Auto Repair, Lyn Zeigler to have upstair free. Car lot to leased to Dave Snyder of John Walters Auto Sales. Lyn Zeigler would run car lot. All profits to be shared with Lyn Zeigler and my daughter Wanda Fleigle when she becomes 21 years old. Also my father, Charles Fleigle.

"Your truly William Fleigle"

Clearly, by its express terms, the writing could take effect either in the case of an accident or upon decedent's death. This alone could justify the court's concluding that the writing is not testamentary. Because of the unusual and unique circumstances of this case, however, we are satisfied that we may consider extrinsic evidence. Specifically, the writing was created shortly before the decedent committed suicide and was discovered in his residence on the countertop together with his 1975 will and other documents and checks. As the estate argues, the writing was clearly so positioned that it would be easy to locate upon his death. Accordingly, we conclude that the decedent intended the writing to take effect at his death. The question remains, however, whether the instrument is dispositive of the decedent's estate. For the reasons that follow, we are satisfied that the writing is flawed in that respect.

The writing provides for the *lease* of decedent's real estate located at 509 East Main Street (Dallastown, York County) to K&H Auto Repair and for the *lease* of his car lot to an individual named Dave Snyder of John Walters Auto Sales. The writing further provides that Lyn Zeigler would have the "upstair" of the 509 East Main Street property "free" and that she would "run" the car lot to be leased to Dave Snyder of John Walters Auto. There is no indication, however, of the duration of the free use of the apartment or of the management of the car lot. Finally, the writing directs that Lyn Zeigler, Wanda Fleigle (upon attaining the age of 21 years), and Charles Fleigle were to share "all profits." "Profits" of what? The lease of 509 East Main Street or the car lot or both? Profits of the business to be leased to K&H Auto Repair?

It is clear that the language of the alleged codicil fails to provide for an alienation or change of ownership of decedent's property. Black's Law Dictionary, Fifth Edition (1979), defines the verb "to dispose of" as follows:

"Dispose of: To alienate or direct the ownership of property, as disposition by will ... To exercise finally, in any manner, one's power of control over; to pass into the control of someone else; to alienate, relinquish, part with, or get rid of ..."

We agree with the court-appointed guardian for the minor Wanda Fleigle that the plain language of decedent's writing clearly evidences an intent to lease, not dispose of, decedent's properties. No one is *given* anything, and the language used is insufficient to pass title. Decedent used the word "lease" with regard to his two properties. He did not say "sell." "We are not at liberty to ignore the words he used merely because he might have used others.... [T]he court may not make

another will for him." *Hirsh's Trust Estate,* 334 Pa. 172, 178, 5 A.2d 160, 163 (1939) quoting *Smith's Estate,* 314 Pa. 437, 441, 171 A. 587, 589 (1934).

Accordingly, for the reasons stated, we hold that the writing dated April 15, 1990, handwritten and signed by decedent, is invalid as a codicil to the will dated March 5, 1975, in that it fails to dispose of decedent's property after his death. As discussed below, however, we find further that the 1975 will has been modified by circumstances.

In his will dated March 5, 1975, decedent gave his entire estate to his parents, Charles F. Fleigle and Fairy E. Fleigle, or to the survivor of them. In the event that both of his parents predeceased him, decedent bequeathed his entire estate to his brother, Charles F. Fleigle Jr. The 1975 will, drafted by an attorney 10 years prior to the birth of decedent's daughter, Wanda L. Fleigle, is silent as to afterborn children. Since decedent was survived by his father, the father would have taken the entire estate under the 1975 will. The daughter, however, qualifies as a "pretermitted child" under section 2507(4) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §101 et seq. That section provides:

"Section 2507. Modification of circumstances

"Wills shall be modified upon the occurrence of any of the following circumstances, among others: ...

"(4) Birth or adoption. If the testator fails to provide in his will for his child born or adopted after making his will, unless it appears from the will that the failure was intentional, such child shall receive out of the testator's property not passing to a surviving spouse, such share as he would have received if the testator had died unmarried and intestate owning only that portion of his estate not passing to a surviving spouse."

In the instant case, decedent died unmarried and survived by a child born 10 years after he executed his 1975 will. The child, Wanda L. Fleigle, is not mentioned in that will, however, there is no evidence to suggest that decedent intentionally omitted his daughter from his will. Accordingly, we hold that Wanda L. Fleigle qualifies as an afterborn child and that she is entitled to receive her intestate share, which, in this case, is decedent's entire estate.

For the reasons set forth above, we sustain the appeal of The Drovers and Mechanics Bank, guardian of Wanda L. Fleigle, from the probate of the codicil on the grounds that the writing is not valid as a will or codicil.

The following decree nisi is entered. In the absence of objections filed within 10 days, the decree nisi shall become final as of course.

## DECREE NISI

And now, December 23, 1993, having found decedent's 1990 handwritten note to be invalid as a will or codicil, and that Wanda L. Fleigle is a pretermitted child, we sustain the appeal from probate of The Drovers and Mechanics Bank, guardian of Wanda L. Fleigle, and direct the executor to distribute decedent's entire estate to The Drovers and Mechanics Bank, guardian of minor, Wanda L. Fleigle.

In the absence of objections filed within 10 days, this decree nisi shall become final as of course.